**MITCHAM et al. v. MITCHAM et al.**

**NOLEN v. MITCHAM.**

Nos. 6044, 6045.

Court of Appeal of Louisiana. Second Circuit.

Feb. 7, 1940.

Rehearing Denied March 6, 1940.

Goff, Goff & Caskey, of Arcadia, for appellees-appellants.

Charles H. Morton, of Farmerville, for appellant-appellee.

HAMITER, Judge.

Three separate suits on the docket of the Second Judicial District Court of Claiborne Parish, Louisiana, which have been consolidated, furnish the litigation presented by these appeals.

Suit No. 11,146 was instituted on May 29, 1934, by Zollie Mitcham, Mrs. Zona Nolen, Mrs. Vida Goss, Mrs. Minnie Weldon, and Mrs. Stella Thompson against their brother, H. Grady Mitcham, and sister, Mrs. Eolian Green, its primary purpose being the partitioning by licitation of the property belonging to the successions of the litigants' deceased father and mother. After considerable and extensive litigation, including a hearing by the Supreme Court, a judgment was rendered in the cause on May 11, 1937, empowering and directing the sheriff to sell such property and "turn the proceeds realized from said sale over to A. O. Christian, Clerk of Court in and for Claiborne Parish, Louisiana, to be partitioned according to law and the provisions of this judgment." The said clerk was instructed by said decree to—

"(a) Pay all costs of this proceeding and of the partition, except the cost of the appeal to the Supreme Court, from the mass.

"(b) Divide the balance of the proceeds and pay same to plaintiffs and defendants in the following proportions: Mrs. Stella Thompson $\frac{1}{7}$; Mrs. Minnie Weldon $\frac{1}{7}$; Mrs. Zona Nolen $\frac{1}{7}$; Mrs. Vida Goss $\frac{1}{7}$; Mrs. Eolian Green $\frac{1}{7}$; H. Grady Mitcham $\frac{1}{14}$; Zollie Mitcham $\frac{3}{14}$.

"(c) Deduct from the amounts due and coming to defendants the cost of the appeal to the Supreme Court in this case."

On May 22, 1937, H. Grady Mitcham transferred unto Carl B. Tanner, by notarial act and for a recited cash consideration of $60, "An undivided one-fourteenth (1/14th) interest in: N½ of NW¼ of NW¼ Sec. 2 Twp. 21 N. R. 4 West & SW¼ of SW¼ Section 35 Twp. 22 North, Range 4 West, being situated in Claiborne Parish, Louisiana, containing 60 acres, more or less, together with all the improvements situated thereon and thereto belonging."

This conveyance instrument was duly filed for record May 24, 1937, and recorded June 18, 1937.

As directed, the sheriff sold the aforementioned succession property on July 31, 1937. This consisted of the 60-acre tract described in the above deed, which brought $1380, and a small parcel of land known as a gin lot that sold for $30. The return of the sheriff on the commission to sell, dated August 2, 1937, states that he "paid the amount of $1410.00 into the hands of the Clerk for partition in accordance with the judgment of court and according to law."

A duly executed notarial act dated November 26, 1937, recites that, "I, Mrs. Eolian Green, * * * do by this act and these presents sell, assign, convey and deliver, and do hereby authorize Honorable A. O. Christian, Clerk of Court in and for the Second Judicial District of the Parish of Claiborne, Louisiana, to deliver unto and in favor of J. W. Mitcham, all of my rights, titles, interests and ownership in and to the proceeds now held by said A. O. Christian, Clerk and Notary aforesaid, derived from partition sales held in said Court in cause styled Mitcham vs. Mitchan, wherein a sixty acre tract of land located in Claiborne Parish, Louisiana, brought the sum of Thirteen hundred eighty and no/100 ($1380.00) and a gin lot brought Thirty and no/100 ($30.00) Dollars, it being my intention to sell all of my interests in said proceeds, being an undivided one-seventh (1/7) interest, to and in favor of the said J. W. Mitcham, he present accepting."

The consideration of $100 cash supported this assignment. A. O. Christian, the Clerk of Court, personally received and filed the instrument for record on November 29, 1937, and it was recorded December 4, 1937.

A partitioning of the proceeds of the aforementioned succession sale was proposed by the Clerk of Court in an act prepared and filed on July 5, 1938. It provides:

"Amount from the Sheriff to be
partitioned ................ $1410.00
From this amount I first
  deducted the following
  items of cost:
Sheriff's cost .......... $30.50
Clerk's Cost, including
  witness claims and fee
  of Court Reporter.... 70.17
Printer's cost for advertising ............. 9.00
                        ─────────
Total amount paid from
  mass ................. 109.67
                                    ─────────
Amount to be partitioned among
  plaintiffs and defendants.... $1300.33
Which amount I have divided
  and partitioned among the
  plaintiffs and defendants as
  follows:
One-seventh (1/7) to Mrs. Stella Thompson .............. $ 185.76
One-seventh (1/7) to Mrs. Minnie Weldon ................. 185.76
One-seventh (1/7) to Mrs. Zona Nolen ..................... 185.76
One-seventh (1/7) to Mrs. Vida Goss ...................... 185.76
One-seventh (1/7) to Mrs. Eolian Green ................... 185.76
One-fourteenth (1/14) to H. Grady Mitcham ............ 92.89
Three-fourteenths (3/14) to Zollie Mitcham ............ 278.64
                                    ─────────
Total ................. $1300.33

Having ascertained the amount to be paid each party, I have issued checks for each amount stated above payable to the parties to whom the costs were due and to the plaintiffs and defendants for the amounts set out as being due each, and have retained the said checks pending the homologation of this proces verbal and plan of distribution of the funds in my hands."

Notice by publication of the plan of distribution was thereafter given.

The Clerk of Court was made garnishee on July 7, 1938, in connection with the attempted execution of a judgment for

$571.42 previously obtained by Mrs. Zona Nolen against Mrs. Eolian Green in cause No. 12151. Seizure of the amount of $185.76, listed on the plan of distribution as belonging to the said judgment debtor, was thereby sought in partial satisfaction of that judgment.

Similar garnishment citation was served on said clerk on the same date under a judgment for $701.25 that Mrs. Zona Nolen had obtained against H. Grady Mitcham in cause No. 12004, the purpose being to obtain the latter's proposed succession interest of $92.89.

Opposition to the plan of distribution was furnished by J. W. Mitcham under appropriate pleadings filed on September 15, 1938. Therein he avers his previous acquisition by authentic act of the interest formerly belonging to Mrs. Eolian Green, and he prays that he be substituted in her stead on the procès verbal of the Clerk of Court as being entitled to the mentioned sum of $185.76.

Another opponent appearing was Carl B. Tanner. He alleges the sale by H. Grady Mitcham to him of an undivided one-fourteenth interest in the partitioned succession property and asks to be declared the rightful owner of the $92.89 listed in his transferor's name.

The mentioned garnishment proceedings and oppositions presented for determination the matter of the disposition to be made of the interests shown on the procès verbal as belonging to Mrs. Eolian Green and H. Grady Mitcham in the amounts of $185.76 and $92.89, respectively.

After trial, the district court rendered judgment dismissing the opposition of J. W. Mitcham and sustaining the garnishment levied by Mrs. Zona Nolen as to the interest of Mrs. Eolian Green. He further decreed that the opposition of Carl B. Tanner be sustained, that the garnishment of Mrs. Zona Nolen affecting the interest standing in the name of H. Grady Mitcham be dismissed and the funds thereof paid to the said Tanner. The judgment condemned J. W. Mitcham to pay the costs of his opposition and Mrs. Zona Nolen the costs of the other.

Appeals, prosecuted by the losing parties, bring the mentioned issues to this court for consideration. The causes are docketed here under two numbers, and have been consolidated for all purposes.

█ It is to be remembered, with respect to the J. W. Mitcham opposition, that the execution and recordation of the act assigning the interest of Mrs. Eolian Green to said opponent occurred prior to the preparation and filing of the plan of distribution and also before the service of garnishment on the Clerk of Court in execution of the judgment against such assignor. The argument is advanced in behalf of Mrs. Nolen, the judgment creditor, however, that such assignment was ineffective as to her in as much as it was not accompanied by delivery of the affected proceeds; and in support of this position her counsel cite Civil Code articles 1922 and 1923, and also numerous decisions of the courts of this state holding in effect that a sale or assignment of movable property, without delivery, is void as to third persons. The cited codal provisions read:

"With respect to movable effects, although, by the rule referred to in the two last preceding articles, the consent to transfer vests the ownership of the property in the obligee, yet this effect is strictly confined to the parties until actual delivery of the object. If the vendor, being in possession, should, by a second contract, transfer the ownership of the property to another person, who gets the possession before the first obligee, the last transferee is considered as the owner, provided the contract be made on his part bona fide, and without notice of the former contract." Article 1922.

"In like manner, if movable property has been alienated by contract, but not delivered, it is liable in the hands of the obligor to seizure and attachment, in behalf of his creditors." Article 1923.

The authorities relied on are, in our opinion, inapplicable to the instant controversy. The assignment from Mrs. Green to J. W. Mitcham was not of definite movable property, as therein contemplated, but concerned a right that the assignor had in and to the succession of her mother and father. At the time of the act's execution, the amount that her inheritance would furnish had not been determined and the anticipated money was not then payable. Numerous undertakings were necessary before the funds could be available, such as the deduction of various costs from the total proceeds of the partition sale and the dividing of the balance in accordance with the recognized interests of the heirs, the preparation and filing of the procès verbal, the advertising of notice of such filing, and the homologation of the plan of distribution.

Until the elimination of those legal obstacles, the assignor's interest was not a movable as contended. It was only an incorporeal right, the transfer of which was governed by the provisions of articles 2642 and 2643 of the Civil Code, reading:

"In the transfer of credits, rights or claims to a third person, the delivery takes place between the transferrer and transferree by the giving of the title." Article 2642.

"The transferree is only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place.

"The transferree may nevertheless become possessed by the acceptance of the transfer by the debtor in an authentic act." Article 2643.

Under these codal provisions, J. W. Mitcham acquired complete title and possession of the interest of Mrs. Green, in so far as the latter's judgment creditor was concerned, when the Clerk of Court, who held the proceeds and occupied the position of the debtor described in said Civil Code, article 2643, personally received and accepted the assignment instrument for recordation and thus acquired notice of the assignment. The garnishment proceedings had not been commenced then, and, therefore, the discussed conveyance must prevail over the attempted seizure.

The transfer by H. Grady Mitcham to Carl B. Tanner took place before the holding of the partition sale and concerned an undivided one-fourteenth interest in immovable property. The transaction was evidenced by an act authentic in form and duly recorded, and there is nothing in the record disclosing that it was entered into in bad faith. The district court properly considered the provisions of Civil Code, article 1920, to be applicable, and correctly held that the transfer was consummated prior to the attempted seizure through garnishment. The mentioned article reads: "The rule that the obligation to deliver a determinate object is perfect by the mere consent of the parties, and that the obligee is the owner from the time of such contract, is without any exception as respects immovables, not only between the parties, but as to all the world, provided the contract be clothed with the formalities required by law, that it is bona fide, and purports to transfer the ownership of the property."

It is noticed that this last discussed conveyance did not include the gin lot sold in the partition proceedings for $30. Therefore, Tanner's opposition with reference to these proceeds should not be sustained, as Mrs. Nolen's counsel correctly contend. After deducting the proportionate amount of costs therefrom, or $2, there remains a balance of $28. The one-fourteenth interest of H. Grady Mitcham therein is $2; and Tanner's claim must be reduced to this extent.

For the reasons assigned, the judgment respecting the claim of J. W. Mitcham is reversed and set aside, and it is now ordered that his opposition be sustained and the garnishment of Mrs. Nolen dismissed, and that he be paid the amount of $185.76 standing in the name of Mrs. Eolian Green on the plan of distribution. The judgment respecting the claim of Carl B. Tanner is amended by reducing the amount allowed him from $92.89 to $90.89, and by sustaining the garnishment of Mrs. Nolen to the extent of $2; and as amended, it is affirmed.

Costs of the trial court in both oppositions shall be paid by Mrs. Zona Nolen. The costs of this court shall be paid by the said Mrs. Nolen and Carl B. Tanner in the proportion of one-half by each.